FILED
MAY 06 2002
DAVID W. DANIEL, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP. CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:02-CV-20-F(3)

GOLETA NATIONAL BANK and )
ACE CASH EXPRESS, INC., )
                          )
      Plaintiffs, )
                          )   DEFENDANTS' REPLY TO
v.   )   PLAINTIFFS' MEMORANDUM OF
                          )   LAW IN OPPOSITION TO
The Honorable HAL D. LINGERFELT,   )   DEFENDANTS' MOTION TO DISMISS
in his official capacity as the   )   AND/OR FOR JUDGMENT
Commissioner of Banks of North Carolina,   )   ON THE PLEADINGS
      and )
                          )   Local Rule 4.06
The Honorable ROY COOPER, )
in his official capacity as the Attorney )
General of North Carolina, )
                          )
      Defendants. )

Defendants Hal. D. Lingerfelt and Roy Cooper hereby reply to the brief submitted by plaintiffs Goleta National Bank ("Goleta") and ACE Cash Express, Inc. ("ACE") in response to defendants' motion to dismiss and/or for judgment on the pleadings.

I.    THE PRINCIPLES OF FEDERALISM AND COMITY MANDATING DISMISSAL OF ACE'S CLAIMS ALSO APPLY TO GOLETA'S CLAIMS.

Defendants argued in their opening brief that plaintiffs' claims are subject to dismissal pursuant to Younger v. Harris, 401 U.S. 37 (1971). Plaintiffs, largely ignoring ACE, argue at length that Goleta's claims are immune from Younger's protection of state courts' authority. Plaintiffs' Brief at 3-11. They then argue that because Younger does not apply to Goleta's claims, there is no practical reason for the Court to abstain from hearing ACE's claims. Id. at 11.

Plaintiffs' attempt to limit the reach of the Younger doctrine should be rejected. The principles of federalism and comity mandating dismissal of ACE's claims apply every bit as strongly, if not more strongly, to the claims asserted by Goleta.

A. Goleta Cannot Evade Younger Abstention Simply Because It Is Not a Party to the State Court Action Against ACE.

The State of North Carolina's motion for remand of its state law claims against ACE has been fully briefed and is ready for decision. In response to the State's remand motion, ACE (and by proxy, Goleta) took great pains to assert the unity of their interests. The State's case against ACE, they argued, is really an attack on Goleta. See Response of Defendant in Opposition to Plaintiff's Motion to Remand at 16, State v. ACE Cash Express, Inc., No. 5:02-CV-69-F(3).

Now, in an attempt to avoid dismissal of this case on Younger abstention grounds, ACE and Goleta are at pains to emphasize their corporate separateness. Defendants do not deny that plaintiffs have separate corporate identities. This, however, does not change what the law requires, which is resolution of the parties' claims and defenses in state court.

Plaintiffs contend that the Younger abstention doctrine does not apply to Goleta because it is not a party to the state court proceeding against ACE and because ACE and Goleta are separate corporate entities. Plaintiffs' Brief at 3-6, citing Doran v. Salem Inn, Inc., 422 U.S. 922 (1975). The Doran decision expressly recognized, however, that "there plainly may be circumstances in which legally distinct parties are so closely related that they should all be subject to the Younger considerations which govern any one of them." Doran, 422 U.S. at 928.

The Supreme Court's observation in Doran is hardly surprising, given that just a week earlier the Court had decided Hicks v. Miranda, 422 U.S. 332 (1975). In Hicks, the owners of an adult movie theater filed suit in federal court to enjoin the enforcement of a California obscenity

2

statute. Id. at 337. State charges previously had been filed against two employees of the theater, and films belonging to the owners had been seized, but no state criminal proceedings were pending against the owners when the federal complaint was filed. Id. at 348. The Supreme Court nevertheless held that Younger barred the federal courts from considering the owners' claim that the obscenity statute was unconstitutional. The Court explained its decision to treat the theater owners as if they were parties to the state prosecution as follows:

> Obviously, their interests and those of their employees were intertwined; and, as we have pointed out, the federal action sought to interfere with the pending state prosecution. Absent a clear showing that appellees, whose lawyers also represented their employees, could not seek return of their property in the state proceedings and see to it that their federal claims were presented there, the requirements of Younger v. Harris could not be avoided on the ground that no criminal prosecution was pending against appellees on the date the federal complaint was filed. The rule in Younger v. Harris is designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court. Plainly, the same comity considerations apply where the interference is sought by some, such as appellees, not parties to the state case.

Id. at 348-49 (citations and internal quotation marks omitted).

In Doran, the companies that avoided Younger abstention were completely unrelated to the company that was being prosecuted in state court (and whose claims were held to be subject to Younger). Id. at 924, 929. In fact, they appear to have been competitors.

Here, ACE and Goleta are contractually bound to one another in a common enterprise – an enterprise in which, the State alleges, they have a common purpose and a common interest: the evasion of state law so ACE can charge 443 percent annual interest on short term loans to people who are having financial difficulties. See Complaint, ¶ 4, State v. ACE Cash Express, Inc., No. 5:02-CV-69-F(3) ("State Complaint"). Plaintiffs' interests are completely intertwined – Goleta obviously profits from ACE's loans – and they have filed this action together to interfere

3

with a state action against ACE. Plainly, the same comity considerations that bar ACE's claims in this action also bar Goleta's. See Doran, 422 U.S. at 349; see also Colonial First Properties, LLC v. Henrico County, 166 F. Supp. 2d 1070, 1077 (E.D. Va. 2001) ("It is clear . . . that Younger is not limited to persons named in a state court proceeding; resort to a federal forum is barred to all third parties whose interests are sufficiently 'intertwined' with those who are parties to such a proceeding.").

Numerous federal district courts and courts of appeal have held that Younger abstention is required in circumstances similar to those presented here. See, e.g., Casa Marie, Inc. v. Superior Court, 988 F.2d 252 (1st Cir. 1993) (abstention required where residents of elder care facility, not parties to state proceeding, sued to enjoin enforcement of state court judgment ordering closure of facility); Collins v. County of Kendall, 807 F.2d 95 (7th Cir. 1986) (abstention required where employee of bookstore, not the subject of pending state prosecution, sued to enjoin state prosecution of bookstore and another employee); Women's Community Health Center of Beaumont, Inc. v. Texas Health Facilities Comm'n, 685 F.2d 974 (5th Cir. 1982) (abstention required where doctors and pregnant women sued to enjoin state administrative proceeding considering abortion clinic's application for certificate of need); Colonial First, 166 F. Supp. 2d at 1070 (abstention required where nude dancers, not the subject of pending state prosecution, sued to enjoin enforcement of public nudity ordinance under which others were being prosecuted).

These courts' explanations for their decisions include statements that are particularly pertinent to this case, among them the following:

4

Case 5:02-cv-00020-F   Document 16   Filed 05/06/02   Page 4 of 13

* "[P]laintiff cannot simultaneously bring a claim which asserts that his interests are interconnected with other parties, then deny their close relationship for Younger purposes." Casa Marie, 988 F.2d at 268. As noted above, plaintiffs assert in the companion case that the State's claims against ACE are really claims against Goleta. Here, they claim that Younger abstention is inappropriate because they are separate corporate entities.

* Exceptions to Younger abstention typically are made where the relevant state proceeding provides "no procedural mechanism which would enable nonparties to intervene to protect their interests." Id. at 267. The North Carolina Rules of Civil Procedure provide a mechanism for Goleta to intervene in the state proceeding (although the need to do so is unclear inasmuch as Goleta would be asserting exactly the same defenses as ACE, and through the same counsel). See N.C.R. Civ. P. 24.

* "Younger cannot be avoided simply by joining [in the federal complaint] nonparties to the state proceeding in order to procure injunctive and declaratory relief against that proceeding." Women's Center, 685 F.2d at 982. This is exactly what the plaintiffs in this case are trying to do. Their attempt to do an end run around Younger should be rebuffed.

B. Goleta Cannot Evade Younger Abstention By Claiming That It Is a "Federal Instrumentality."

Plaintiffs cite several cases for the proposition that Younger abstention is inappropriate when the United States files suit in federal court to prevent state officials and state courts from interfering with the official functions of federal agents acting pursuant to federal law. Plaintiffs' Brief at 7-9. They then argue that the same deference should be shown to Goleta because it is a national bank and therefore a "federal instrumentality." Id. at 9-11.

5

Plaintiffs apparently do not have a self-image problem. There is something slightly hubristic, however, in Goleta's assertion that its efforts to profit from payday lending should be afforded the same kind of protection from state regulation as the U.S. Department of Energy's effort to conduct studies at the proposed Yucca Mountain nuclear waste facility, United States v. Morros, 268 F.3d 695 (9th Cir. 2001), or the National Health Service's effort to provide health services in underserved areas of the country, United States v. Composite State Bd. of Med. Exam'rs, 656 F.2d 131 (5th Cir. 1981).

Plaintiffs cite no cases (and defendants are aware of none) holding that national banks are exempt from Younger abstention because they are federal instrumentalities or are otherwise entitled to special status. Goleta is not the Second Bank of the United States, under attack by a protectionist state legislature. Cf. McCulloch v. Maryland, 17 U.S. (4 Wheat) 316 (1819), cited in Plaintiff's Brief at 9. It is simply renting its federal charter to ACE to facilitate (and profit from) ACE's attempted evasion of state law. See State Complaint, ¶ 9. Under Younger, Goleta has no more right than ACE to use this Court for the purpose of interfering with the state court action pending against ACE. See, e.g., Anderson v. H&R Block, Inc., 2002 U.S. App. LEXIS 5978 (11th Cir. Apr. 3, 2002) (remanding state law usury claims to state court despite assertion of federal preemption defense based on National Bank Act).

II.  PLAINTIFFS CANNOT AVOID YOUNGER ABSTENTION BY ALLEGING THAT THEIR FEDERAL PREEMPTION CLAIMS ARE "FACIALLY CONCLUSIVE."

Plaintiffs contend that Younger abstention is inappropriate because their claims of federal preemption are "facially conclusive." Plaintiffs' Brief at 11-14. There are at least two things wrong with this argument.

First, neither the Supreme Court nor the Fourth Circuit has ever held that preemption claims – even claims that might be facially conclusive – are a basis for avoiding Younger's prohibition on interference with state court proceedings. The Supreme Court has on one occasion been presented with the argument that "even if a substantial claim of federal preemption is not sufficient to render abstention inappropriate, at least a facially conclusive claim is." New Orleans Public Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 367 (1989) ("NOPSI"). The Court's response to this argument was hardly an endorsement of the proposition: "Perhaps so," the Court said. "But we do not have to decide the matter here, since the proceeding and order at issue do not meet that description." Id. at 367.

Similarly, in Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392 (4th Cir. 1994), "the Fourth Circuit expressly left open the question whether a 'facially conclusive' preemption claim would trump Younger abstention." Plaintiffs' Brief at 12 (emphasis added). As noted in defendants' opening brief, however, the Fourth Circuit, in a case factually and procedurally similar to this one, later held that a preemption claim described by the court as "compelling" was "not enough to circumvent the dictates of . . . the Younger abstention doctrine." Employers Resource Mgmt. Co. v. Shannon, 65 F.3d 1126, 1129, 1130 n.5 (4th Cir. 1995). The court noted that even in the face of a compelling preemption claim, "we have an equally compelling responsibility to preserve the integrity of the competing state system." Id. at 1137.

Second, there is nothing either compelling or "facially conclusive" about plaintiffs' federal preemption claim. The defendant in the state court proceeding that plaintiffs seek to derail is ACE, and ACE has yet to argue that it, as opposed to Goleta, has any rights under the

7

National Bank Act. Moreover, as the Supreme Court made clear in NOPSI, no preemption claim can be considered facially conclusive if a factual inquiry is necessary to resolve it. See NOPSI, 491 U.S. at 367. Plaintiffs attempt to avoid this holding by making the conclusory assertion that "[i]n this case, no issues of material fact are in dispute." Plaintiffs' Brief at 12. The pleadings, however, show that material facts are in dispute. For example, the first two paragraphs of plaintiffs' complaint in this case allege that Goleta is making the payday loans at issue and that ACE merely "helps." Complaint, ¶¶ 1-2. Defendants deny these allegations and allege that ACE, in fact, is making the loans. Answer, ¶¶ 1-2.

In sum, plaintiffs' argument that "facially conclusive" preemption claims trump Younger abstention is no more correct than their argument, in the companion case, that the State's claims are "completely preempted" by federal law. Their preemption claims can be asserted in state court, and the state court is fully capable of adjudicating those claims. See Anderson, 2002 U.S. App. LEXIS 5978 at *23; Employers Resource, 65 F.3d at 1136-37.

### III. THE STATE'S CASE AGAINST ACE IS EXACTLY THE KIND OF PROCEEDING THAT JUSTIFIES YOUNGER ABSTENTION.

Plaintiffs argue that the State's case against ACE "is not the kind of proceeding that justifies Younger abstention." Plaintiffs' Brief at 15. They contend that the case against ACE is not really a civil enforcement proceeding, that the State seeks only monetary relief, that private parties can seek the same relief sought by the State, and that the regulation of North Carolina residents' private contracts is "not an important enough state interest to require abstention." Id. at 15-17.

The State's case against ACE is, of course, a civil enforcement proceeding. In it, the State's chief law enforcement officer and the state official responsible for enforcement of the

8

Case 5:02-cv-00020-F Document 16 Filed 05/06/02 Page 8 of 13

State's banking laws have brought an action to enforce North Carolina's Consumer Finance Act, usury laws, Check Casher Act, Loan Broker Act, and unfair trade practices act. See State Complaint, ¶¶ 12-32. The North Carolina Attorney General is statutorily <u>required</u> to investigate the affairs of corporations doing business in the state to determine whether to prosecute criminal <u>or civil</u> actions against them for violations of state law (including banking laws). See N.C. Gen. Stat. § 75-9. In addition, the Attorney General is expressly authorized to prosecute civil actions to restrain violations of the State's unfair trade practices act, <u>id.</u> § 75-14, violation of which is one of the State's claims against ACE. See State Complaint, ¶¶ 29-32.

The State's case against ACE, moreover, is <u>not</u> simply an action to recover money damages. The statutes that ACE is charged with violating provide for the disgorgement of money that has been illegally obtained by ACE, but the principal relief sought by the State is injunctive. See <u>id.</u>, Prayer for Relief, ¶¶ A, E.

Plaintiffs' suggestion that the people who get payday loans are perfectly capable of seeking the same remedies sought by the State in its lawsuit against ACE reflects the cynicism inherent in plaintiffs' scheme to profit from making high-cost loans to financially troubled individuals. If plaintiffs' customers were in a position to enforce the laws governing plaintiffs' conduct, they would not <u>be</u> plaintiff's customers. The State has a responsibility, as the sovereign, to protect its most vulnerable citizens from the activities of those who would take advantage of them.

Finally, plaintiffs' argument that the State's case against ACE is not important enough to justify <u>Younger</u> abstention flies in the face of the relevant case law. As noted above, the State is seeking to enforce numerous statutory provisions intended to curb, among other things, predatory

lending. Federal courts have found state interests sufficient to justify Younger abstention in a wide variety of similar civil enforcement proceedings. See, e.g., Middlesex County Ethics Comm. v. Garden State Bar Assoc., 457 U.S. 423, 434 (1982) (enforcement of attorney ethics rules); Trainor v. Hernandez, 431 U.S. 434, 435-36 (1977) (action to recover fraudulently obtained welfare payments); Martin Marietta, 38 F.3d at 1397 (enforcement of employment discrimination rules); Women's Center, 685 F.2d at 978-79 (enforcement of state statute requiring acquisition of certificate of need before opening health care facility); Fuller v. Bartlett, 894 F. Supp 874, 879 (D. Md. 1995) (enforcement of insurance regulations); Kim-Stan, Inc. v. Dep't of Waste Mgmt., 732 F. Supp. 646, 652 (E.D. Va. 1990) (enforcement of pollution control statutes).

The State has an interest in enforcing its predatory lending laws at least equal to the state interests implicated in these and many other cases in which federal courts have abstained from interfering with state court proceedings pursuant to Younger.

## CONCLUSION

For these reasons and those stated in defendants' opening brief, plaintiffs' complaint should be dismissed.

Respectfully submitted this 6TH day of May, 2002.

Gary R. Govert (N.C. State Bar No. 13510)
Special Deputy Attorney General

Philip A. Lehman (N.C. State Bar No. 06721)

10

_M. Lynne Weaver_
M. Lynne Weaver (N.C. State Bar No. 19397)
Assistant Attorneys General
North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602
(919) 716-6000 (phone)
(919) 716-6050 (fax)

Attorneys for Roy Cooper, in his official capacity
as Attorney General of North Carolina

_L. McNeil Chestnut_
L. McNeil Chestnut (N.C. State Bar No. 09742)
Special Deputy Attorney General
Counsel to Commissioner of Banks
North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602
(919) 716-6803 (phone)
(919) 716-6755 (fax)

Attorney for Hal D. Lingerfelt, in his official
capacity as Commissioner of Banks of
North Carolina

11

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing Defendants' Reply to Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss and/or for Judgment on the Pleadings upon the plaintiffs' counsel of record by depositing the same in the U.S. mail, first-class, postage pre-paid, and addressed as follows:

> Richard W. Ellis
> Paul K. Sun, Jr.
> Matthew W. Sawchak
> ELLIS & WINTERS LLP
> Post Office Box 33550
> Raleigh, NC 27636
>
> Attorneys for plaintiffs Goleta National Bank and
> ACE Cash Express, Inc.

This the 6th day of May, 2002.

M. Lynne Weaver
Assistant Attorney General

# NOTE:

This Is Only A Partially Scanned Document.

Please See Case File For Attachments, Exhibits, Affidavits, Or Other Material Which Has Not Been Scanned